Jose D. **RODRIGUEZ HERNANDEZ**, **et al., Plaintiffs,**

v.

**Angel M. ALMODOVAR, et al., Defendants.**

**Civ. No. 85-2178 (JAF).**

United States District Court, D. Puerto Rico.

March 4, 1986.

the constitutional issue.

---

**12.** The Court will also, therefore, deny plaintiff's cross-motion for partial summary judgment on

Aldarondo & Lopez Bras, Hato Rey, Puerto Rico, for plaintiffs.

Victor P. Miranda Corrada, Dept. of Justice, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action under 42 U.S.C. § 1983 for back pay, damages, and injunctive relief for alleged civil rights violations resulting from plaintiffs' transfers, dismissals, or demotions in their employment with the Puerto Rico Public Service Commission ("PSC"). Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3), (4). Before us is defendant Almodóvar's motion to dismiss, Fed.R.Civ.P. 12(b), for lack of standing. Defendant urges a dismissal of the complaint as to plaintiffs' spouses and conjugal community property partnerships because they are not the victims of any alleged unconstitutional conduct. In the context of section 1983, the legal capacity of a conjugal partnership presents a novel question of federal law.[1] Puerto Rico is one of a limited number of jurisdictions in the United States where marriage contemplates a community property regime and, thus, a conjugal partnership. 31 L.P.R.A. §§ 221, 3621-3701.

In ruling upon Rule 12(b) motions, this Court must accept as true the facts as alleged in the complaint, and any inferences must be drawn in favor of the opposing party. *Warth v. Seldin*, 422 U.S. 490, 501-02, 95 S.Ct. 2197, 2206-07, 45 L.Ed.2d 343 (1975). A motion to dismiss "is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1349, 1357 at 541, 604 (1969). Plaintiffs aver in the complaint that they were removed, demoted, transferred, or dismissed for political reasons in violation of their constitutional rights. The allegations contained in the complaint, if proven, would entitle the discriminated plaintiffs to recover. There is no claim that the unconstitutional conduct was directed against the spouses of the discriminated plaintiffs or their conjugal community property partnerships. The claims for relief of both spouses and conjugal community property partnerships rest solely on their legal *status* vis-a-vis the individual plaintiffs. Those entities are simply "waiting in the wings" for any redress that may be afforded to the individual plaintiffs. The real parties in interest are the individual plaintiffs who

---

1. Whether a conjugal community property partnership has standing to sue is distinct from whether said entity is a "person" under section 1983, and if so, whether it has a right of action for a federal constitutional or statutory violation. Who can be a "person" for section 1983 purposes has been broadly construed as including corporations and labor unions. *See Recent Developments in Section 1983 Civil Rights Litigation* Ch. II at 33-34 (Practising Law Institute 1984). Under the Puerto Rico Civil Code, a conjugal community property partnership is a *sui generis* entity having an "attenuated" legal personality. *Rivera v. Borges,* — D.P.R. ——, 84 J.T.S. 62 (1984); *Int'l Charter Mortgage Corp. v. Registrador,* 110 D.P.R. 862, 864, 868 (1981). Because section 1983 is a remedial provision, a conjugal partnership with capacity to sue and be sued under local law can arguably be a "person" entitled to litigate under the federal statute. Its practical importance, however, is unsettled. We cannot conceive of a case where a conjugal community property partnership as a section 1983 "person" would have a right of action *independent* from the personal right of each partner. We find no authority on this point. We base our decision solely on standing grounds.

allegedly have been injured as a result of unconstitutional conduct. We note that the nondiscriminated spouses and the conjugal partnerships do not plead in the complaint. They simply appear in the caption of the case as is common in civil code pleading practice. It is obvious that we are not faced with a serious pleading of constitutional dimension.

We decide that the conjugal community property partnerships and the nondiscriminated spouses lack standing under Article III of the United States Constitution or pursuant to the prudential limitations on standing to warrant an assertion of constitutional rights belonging to the individual plaintiffs. *E.g.*, *Phillips Petroleum Company v. Shutts*, 472 U.S. ——, ——, 105 S.Ct. 2965, 2971–72, 86 L.Ed.2d 628 (1985); *see generally*, C. Wright, *Law of Federal Courts* § 13 at 59–74 (1983). On the basis of the above, defendant's motion to dismiss, docket document No. 14 (filed Feb. 13, 1986), is GRANTED. The complaint shall stand DISMISSED as to the nondiscriminated spouses and the respective conjugal community property partnerships.

 As a practical matter, the fact that a conjugal partnership lacks standing does not interfere with any remedies accruing under Puerto Rico law. The conjugal partnership is a society of gains and benefits of the marriage. It has a direct economic interest in the community property which, properly speaking, belongs to the partnership. Under Article 1301 of the Civil Code, 31 L.P.R.A. § 3641, community property includes wages and salaries received by either spouse during the marriage. *A fortiori*, an award of back pay—defined as "uncollected salary or wages" [2]—becomes part of the community property. Compare *Franco v. Mayaguez Building, Inc.*, 108 D.P.R. 192, 195 (1978) (per curiam) (lost profits substituting salary derived from work is community property), with *Robles Ostolaza v. U.P.R.*, 96 D.P.R. 583, 597 (1968) (tort compensation is personal property). Even in light of the ordered dismissal, the conjugal partnership retains an eco-

nomic interest in a potential back pay award in the event that judgment is entered in favor of the discriminated plaintiffs. This interest under Puerto Rico law cannot alone serve as a basis for standing under section 1983.

IT IS SO ORDERED.

---

2. *Black's Law Dictionary* 126–27 (5th ed. 1979).