Eduardo LUIGGI CALCERRADA, his wife Ana M. López, and their Conjugal Partnership; Samuel G. Davila Cid, his wife Hilda E. Franceschi, and their Conjugal Partnership; Luis M. Otero Echandi, his wife Margarita Díaz, and their Conjugal Partnership, Plaintiffs,

v.

Jaime TORRES GAZTAMBIDE, as former Secretary of Housing of the Commonwealth of Puerto Rico and in his personal capacity; his wife Carmen Gladys Vincenty, and their Conjugal Partnership; Rolando Quevedo Del Rio, as former Executive Director of the Housing and Urban Development Corporation and in his personal capacity; his wife Ginny Motta, and their Conjugal Partnership; Ariel Nazario, as Secretary of Housing of the Commonwealth of Puerto Rico and in his personal capacity; his wife Mrs. Nazario and their Conjugal Partnership; Nereida Falto de Cole, as Executive Director of the Housing and Urban Development Corporation and in her personal capacity; her husband Benjamín Cole and their Conjugal Partnership, Defendants.

Civ. No. 86–0359 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 15, 1986.

Frank Rodríguez García, Ponce, P.R., for plaintiffs.

José A. Sánchez Alvarez, Ramirez & Ramirez, Héctor Rivera Cruz, Secretary of Justice, San Juan, P.R., for defendants.

### MEMORANDUM OPINION AND ORDER

FUSTE, District Judge.

This case is before the court on defendants' unopposed motion for partial summary judgment of November 26, 1986, docket document No. 18. There, it is requested that partial summary judgment be entered dismissing in its entirety plaintiff Samuel Dávila Cid's claim. The defendants further pray that the defense of qualified immunity be recognized as available to defendants, all under *De Abadía v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986).

An examination of this record shows that Samuel Dávila Cid commenced working on January 16, 1984 as the Executive Assistant to the Executive Director of the Housing and Urban Development Corporation (CRUV), a public corporation attached to the Department of Housing of the Commonwealth of Puerto Rico. *See* 17 L.P.R.A. secs. 21–25 (1984) and 3 L.P.R.A. sec. 441e (1982).

In November 1984, the Popular Democratic Party (PPD) won the gubernatorial elections, defeating the New Progressive Party (PNP). Defendants, all members of the PPD, were appointed to the Depart-

ment of Housing and to CRUV. Soon thereafter, Mr. Dávila-Cid was removed from his confidential or trust position as Executive Assistant to the Executive Director. 3 L.P.R.A. sec. 1350. Under the cited local statute, if plaintiff previously held a career position, he was entitled to reinstatement in a career position equal or similar to the one he held in the career service at the time he passed to hold the confidential position.

The final question before us on the motion for summary judgment is whether the position of Executive Assistant to the Executive Director of CRUV is one where political affiliation is a requisite for the effective performance of the duties of the office. Furthermore, we need to decide whether the decision to fire Mr. Dávila-Cid from said position is protected by qualified immunity standards, that is, whether the hiring/firing authority, acted responsibly and objectively, passing judgment on the pros and cons of the action to be taken in good faith. *Echevarría v. Gracia Anselmi*, 642 F.Supp. 843, 848–49 (D.P.R.1986).

Here, the documentation relating to plaintiff's position and his deposition testimony shows that political·affiliation is a requisite for the effective performance of the public office involved. As a matter of fact, plaintiff so admitted in his deposition. In this sense, if a CRUV Regional Director falls within the political affiliation requirement category, *Arnaldo Jiménez Fuentes v. Jaime Torres Gaztambide*, 803 F.2d 1 (1st Cir.1986), it is obvious that the Executive Assistant to the Executive Director of CRUV also falls within the category where political affiliation is an essential element to be considered. We further find that as to that part of the claim regarding the dismissal of plaintiff from the executive position, defendants are protected by the qualified immunity defense. In that sense, the motion for partial summary judgment is GRANTED. Partial judgment shall be entered accordingly. It should be clear, however, that this ruling does not reach the other claim made by Mr. Dávila-Cid regarding political persecution and harassment by defendants once he was removed

from the trust position to be later appointed to a career position within the agency. 3 L.P.R.A. sec. 1350. That part of plaintiff's claim will be the object of trial along with the claims of the other two plaintiffs.

There is an additional matter now raised by the court. We note that plaintiffs Ana M. López, Hilda E. Franceschi, and Margarita Díaz are not claiming a violation to their freedom of association rights under the first amendment to the United States Constitution. Therefore, and pursuant to *Rodríguez Hernández v. Almodóvar*, 631 F.Supp. 960 (D.P.R.1986), we ORDER that judgment be entered dismissing the claims of the mentioned persons as spouses of the affected employees. *Celotex v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Case to remain on the trial calendar as is.

IT IS SO ORDERED.