**Waldemar QUILES, as Mayor of Utuado, ex rel. PROJECT HEAD START, MUNICIPALITY OF UTUADO; and all beneficiaries of Project Head Start related to the Municipality of Utuado, Plaintiffs,**

v.

**Rafael HERNANDEZ COLON, as Governor of Puerto Rico and as Chief Executive in Puerto Rico of the Head Start Program; Joel Perez, as Executive Director of the Head Start Program of Puerto Rico; Consejo Normativo Del Programa Head Start for Puerto Rico, Defendants.**

Civ. No. 87–0387 (JP).

United States District Court, D. Puerto Rico.

Jan. 20, 1988.

Antonio Córdova González, San Juan, P.R., for plaintiffs.

Elba Rosa Rodríguez, Saldaña, Rey & Moran, Santurce, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The parties met with the Court on January 12, 1987, pursuant to a Pretrial Conference, represented by counsel: Antonio Córdova González, Esq. for plaintiffs; and Elba Rosa Rodríguez Fuentes, Esq. for defendants.

This case is a new twist on the myriad causes of action thrown before this District Court that charge political discrimination. Plaintiffs here are the Mayor of Utuado, Puerto Rico, the Municipality of Utuado, and "all Beneficiaries of Project Head Start Related to the Municipality of Utuado."[1] Defendants are various players in Project Head Start as it is administered in Puerto Rico. Plaintiffs seek declaratory and injunctive relief.

The political discrimination complained of here takes an unusual form. Project Head Start exists to deliver "comprehensive health, educational, nutritional, social, and other services to economically disadvantaged children and their families." 42 U.S.C. § 9831. The Secretary of Health and Human Services designates appropriate local, nonprofit agencies to administer the program. In Puerto Rico, the main authority for administering Project Head Start is the Governor's Office of Human Development. The office, in turn, designates local agencies, such as municipalities or religious organizations, to provide services at the local level. The Municipality of Utuado was one such designated agency, covering the towns of Utuado, Adjuntas, Jayuya, Lares, and San Sebastián.

Plaintiff Quiles, the Mayor of Utuado, claims that he was forced to accept lower funding levels and relinquish administration of Project Head Start in the municipali-

1. At the Pretrial Conference held in this case, plaintiff's counsel withdrew any putative claim to the characterization of this claim as a class action under Rule 23 of the Fed.R.Civ.P. Such a claim would have failed in any event, as a class action determination was never requested of this Court. In addition, the one named plaintiff, Quiles, is not a beneficiary of Project Head Start and therefore not a member of the class he would claim to represent. 7A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1761 (1986). Plaintiff's motion to amend the complaint, which was denied because it was filed six weeks after a court-ordered cutoff for such amendments, purportedly would have enabled a class designation. This, however, is not apparent from the face of that motion.

ties of Lares and San Sebastián. The pressure that Quiles claims was exerted against him was, according to the allegations of the complaint, because he was a member of the New Progressive Party (NPP). The complaint avers that when municipal government of Lares and San Sebastián switched to the Popular Democratic Party (PDP) after the 1984 general election, these towns were removed precisely so an NPP mayor, Quiles, would not exercise control over a PDP town. Finally, as a result of the decreased area of responsibility for Project Head Start emanating from Utuado city hall, several employees were laid off. Plaintiffs aver that both the employees laid off and the recipients of services of the program have been adversely affected because of animus towards Quiles' political affiliation.

Pending before the Court is defendant's motion to dismiss. Defendant claims that Quiles lacks standing to sue under 42 U.S.C. § 1983 because there is no allegation of deprivation of any constitutionally protected right of Quiles. Fed.R.Civ.P. 12(b)(6).

In ruling on a Rule 12(b) motion, this Court must accept as true the facts as averred in the complaint, and any inferences must be drawn in favor of the opposing party. *Warth v. Seldin*, 422 U.S. 490, 501–02, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975). A motion to dismiss "is justified only when the allegations of the complaint clearly demonstrate that plaintiff does not have a claim." C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 604 (1969).

■ In order to state a claim cognizable under Section 1983, a plaintiff must allege "that some person has deprived him of a federal right." *Gómez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Section 1983 imposes liability for conduct that subjects, or causes to be subjected, the complainant to the deprivation of a right secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598,

603–04, 46 L.Ed.2d 561 (1976). One person may not sue, nor recover damages, for the deprivation of another person's civil rights. *E.g. Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.1982) (father had no standing to sue under section 1983 for alleged violations of deceased son's civil rights); *Rosario Nevárez v. Torres Gaztambide*, 633 F.Supp. 287 (D.P.R.1986), *rev'd on other grounds*, 820 F.2d 525 (1st Cir.1987); *see also Rodríguez Otero v. Riefkohl*, 667 F.Supp. 58 (D.P.R.1987) (spouse and conjugal partnership, as separate entities against whom no alleged discrimination had been practiced, had no standing to sue under § 1983 for alleged discrimination against plaintiff); *Rodríguez Hernández v. Almodóvar*, 631 F.Supp. 960 n. 1 (D.P.R. 1986) (same).

■ In this case Quiles has alleged no loss of any of his federally protected rights to free speech or free association. Quiles has alleged no loss on his part of life, liberty or property. Quiles' personal rights are intact. What Quiles has alleges is that third parties may have suffered from a redistricting of Project Head Start in Puerto Rico. That Quiles may have lost responsibility for administering Project Head Start in Lares and San Sebastian may be political handball but it is not political discrimination against him and not actionable under section 1983. If any beneficiaries were injured materially by this gerrymandering, they are the proper parties to come before this Court and seek redress. Quiles, however, lacks standing under Article III to press their claims.

■ As an alternative grounds for dismissal, and despite the fact that neither party raised the issue, the Court finds that we are without jurisdiction to hear this case. Plaintiff has failed to exhaust his administrative remedy.

Project Head Start is administered by the Secretary of Health and Human Services. 42 U.S.C. § 9831. Agencies eligible for participation in the provision of Project Head Start services are funded in Puerto Rico through the Office of the Governor. The Governor's Office must approve the eligible agencies before consideration by

the Secretary. 42 U.S.C. § 9838. Once gubernatorial approval is gained, the Secretary may designate the entity as a designated Head Start agency. 42 U.S.C. § 9836.

Head Start agencies are required to meet certain administrative requirements and standards in nondiscriminatory employment practices, staff accountability, public access to information, nonpartisanship in the provision of Head Start services. 42 U.S.C. § 9839.[2]

That portion of the United States Code that governs Project Head Start contains administrative appeals procedures by which designated agencies, or organizations attempting to gain status as designated agencies, may seek review of either partial or complete rejection of their application to be a designated agency.[3] These procedures include review by the Secretary of gubernatorial rejection of a Project Head Start program developed by an eligible agency.[4] These appeal procedures are similar to those applicable to other joint state-federal assistance programs. *See e.g., Hernández Colón v. Secretary of Labor,*

835 F.2d 958 (1st Cir.1988) (Secretary's designation of Ponce–Utuado municipalities as unified service delivery area under Job Training Partnership Act, 29 U.S.C. §§ 1501–1592, upheld over gubernatorial rejection of designation petition); *Acción Social v. Viera Pérez,* 831 F.2d 365 (1st Cir.1987).

In *Acción Social v. Viera Pérez,* Acción Social de Puerto Rico, Inc., sought an injunction against the Puerto Rico Office of Economic Opportunity (PROEO). Acción Social had operated as an eligible entity in the administration of Community Development Block Grants (CDBGs) pursuant to 42 U.S.C. 9901–9912 (West 1983 & Supp. 1987). After the 1984 change in government in Puerto Rico, PROEO did not remit funds to Acción Social. Under the Act, eligible entities are entitled to an administrative hearing on defunding to determine whether cause exists for the action. Acción Social filed suit to enforce this provision. A dispute arose over whether Acción Social was in fact an eligible entity. The United States Court of Appeals for the First Cir-

---

**2.** In pertinent part, that section provides that Each Head Start agency shall observe standards of organization, management, and administration which will assure, so far as reasonably possible, that all program activities are conducted in a manner consistent with the purposes of this subchapter and the objective of providing assistance effectively, efficiently, and free of any taint of partisan political bias or personal or family favoritism. 42 U.S.C. § 9839.

**3.** The Secretary shall prescribe procedures to assure that

1) special notice of and an opportunity for a timely and expeditious appeal to the Secretary will be provided for an agency or organization which desires to serve as a delegate agency under this subchapter and whose application to the Head Start agency has been wholly or substantially rejected or has not been acted upon within a period of time deemed reasonable by the Secretary, in accordance with regulations which the Secretary shall prescribe; 2) financial assistance under this subchapter shall not be suspended, except in emergency situations, unless the recipient agency has been given reasonable notice and opportunity to show cause why such action should not be taken; and

3) financial assistance under this subchapter shall not be terminated, an application for refunding shall not be denied, and a suspension of financial assistance shall not be continued for longer than 30 days, unless the recipient has been afforded reasonable notice and opportunity for a full and fair hearing. 42 U.S.C. § 9841.

**4.** In carrying out the provisions of this subchapter, no contract, agreement, grant, or other assistance shall be made for the purpose of carrying out a Head Start program within a State unless a plan setting forth such proposed contract, agreement, grant, or other assistance has been submitted to the Governor of the State, and such plan has not been disapproved by the Governor within 30 days of such submission, or, if so disapproved, has been reconsidered by the Secretary and found by the Secretary to be fully consistent with the provisions and in furtherance of the purposes of this subchapter. Funds to cover the costs of the proposed contract, agreement, grant, or other assistance shall be obligated from the appropriation which is current at the time the plan is submitted to the Governor. This section shall not, however, apply to contracts, agreements, grants, loans, or other assistance to any institution of higher education in existence on August 13, 1981. 42 U.S.C. § 9838.

cuit held that this determination of whether Acción Social was entitled to a hearing was properly one for the Secretary of Health and Human Services, and that absent a showing of extraordinary circumstances, the courts should not intervene in this matter. *Acción Social,* 831 F.2d at 370–71. The First Circuit left open the question, however, of whether a diminution of funding over time would necessitate a defunding hearing. The Appeals Court did, however, note that the necessity of a defunding hearing in those circumstances would likewise be committed to the agency's discretion and not the court's. *Id.* at 372.

These principles are applicable to this case. Quiles alleges that he was forced to scale back the Utuado Project Head Start organization before he could obtain gubernatorial approval and, in turn, federal funds. This arguably raises a dispute over partial gubernatorial rejection of a proposed Project Head Start program. 42 U.S.C. § 9838.

Although neither party has raised this issue, it appears that plaintiff's proper course of action would be an appeal of the rejection of the original proposal, which included administration of Project Head Start in the towns of Lares and San Sebastían. The parties have presented to the Court no set of extraordinary circumstances that would overcome the requirement that Quiles first exhaust his administrative remedies. This failure to exhaust administrative remedies is properly an alternative basis for dismissal of this case.

Defendants' motion to dismiss is GRANTED and this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.