**Jeannette NATRIELLO, as she is Administratrix of the Estate of Albert Natriello, Plaintiff,**

v.

**John M. FLYNN, as he is the Sheriff of Worcester County, Alfred Reich and Sean Riley, Defendants.**

**Civ. A. No. 91–40158–GN.**

United States District Court,
D. Massachusetts.

Nov. 18, 1993.

---

Michael W. Clancy, Clancy & Krippner, St. Charles, IL, for Jeannette Natriello.

Edward F. O'Brien, Falmouth, MA, Michael A. Gray, West Boylston, MA, for John M. Flynn and Alfred Reich and Sean Riley.

Stephen G. Dietrick, Mass. Dept. of Corrections, Boston, MA, for Larry E. Dubois.

Edward P. Ryan, Jr., O'Connor & Ryan, Fitchburg, MA, for John B. Sharry, Paul X. Tivnan and Francis J. Holloway.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff Jeannette Natriello, Administratrix of the Estate of Albert Natriello, brought suit against the Sheriff and two Corrections Officers of Worcester County, in their official capacity, with respect to the suicide of her son, Albert Natriello, while he was incarcerated at the Worcester County Jail. The plaintiff's complaint alleged violations of 42 U.S.C. § 1983 (Count I), the Massachusetts Wrongful Death Statute (Count II) and the Massachusetts Tort Claims Act (Count III).

Following a lengthy trial, the jury returned a verdict for the plaintiff on all claims against each of the defendants and awarded Mr. Natriello's estate $10,000 for his conscious pain and suffering, $450,000 for his wrongful death and a total of $40,000 in punitive damages.

Pending before this Court are post-trial motions filed by the defendants: 1) to alter or amend the judgment or, in the alternative, for a new trial on damages, and 2) for judgment notwithstanding the verdict or, in the alternative, for a new trial.

### A. *Motion to Alter or Amend Judgment*

Count II of the plaintiff's Complaint alleges that the Estate is entitled to recover for Mr. Natriello's:

> reasonable medical, hospital, funeral, and burial expenses and losses suffered by his next of kin including, but not limited to, loss of financial support, loss of service, loss of gifts or other valuable gratuities, loss of society and companionship, and loss of his love, affection, comfort, services and solace, and punitive damages, all as provided by G.L. 223, sec. 2 [the Massachusetts Wrongful Death Statute].

The jury found the defendants liable and awarded damages under all three counts, including $450,000, under Count II, for Mr. Natriello's wrongful death. The jury was not required to specify whether the wrongful death award was based upon the state or federal charges.

█ The defendants contend that the jury's wrongful death award of $450,000 was based upon the state law negligence claim and is therefore subject to the $100,000 damage cap contained in the Massachusetts Tort Claims Act, M.G.L. c. 258, § 2. It is well settled that the $100,000 limitation on recovery against a government entity applies to actions under the state wrongful death statute. *Hallett v. Town of Wrentham*, 398 Mass. 550, 499 N.E.2d 1189, 1191 (1986). The plaintiff argues that the $100,000 damage cap does not apply because the jury's wrongful death award was based upon the federal claim under § 1983.

█ To prevail in an action brought under § 1983 a plaintiff must show that he or she

was deprived of a right, privilege or immunity secured by the Constitution or laws of the United States. With respect to claims based on a parent's loss of a child, the First Circuit Court of Appeals has stated the law of this circuit:

a parent cannot maintain a claim for loss of familial association under 42 U.S.C. § 1983 unless the government action in question is directly aimed at the relationship between a parent and young child.

*Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556, 563 (1st Cir.1988), *cert. denied,* 488 U.S. 823, 109 S.Ct. 68, 102 L.Ed.2d 45 (1988). *See also Valdivieso Ortiz v. Burgos,* 807 F.2d 6 (1st Cir.1986); *Manarite v. City of Springfield,* 957 F.2d 953, 960 (1st Cir.1992) (daughter of decedent had no constitutionally protected liberty interest in familial relationship with her father); *Martinez Correa v. Lopez Feliciano,* 759 F.Supp. 947, 958 (D.Puerto Rico 1991) (dismissing § 1983 claims of decedent's relatives for loss of familial relationship).

In this case, the government did not interfere with the private family decisions of the Natriello family, nor did the state intend to effect the family relationship. The actions, or inactions, of the government officials in this case may have been reprehensible, but they were directed at the decedent, Albert Natriello, not his mother. The First Circuit has stated the consequences of this fact:

State action that affects the parental relationship only incidentally ... even though the deprivation may be permanent, as in the case of unlawful killing by the police, is not sufficient to establish a violation of an identified liberty interest. Therefore, only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim.

*Pittsley v. Warish,* 927 F.2d 3, 8 (1st Cir. 1991) (citation omitted).

Plaintiff attempts to distinguish the aforementioned cases by arguing that they involved loss of consortium claims, not wrongful death claims. The *Valdivieso Ortiz* case, however, did involve a wrongful death claim. 807 F.2d at 6 (defendants summary judgment motion claimed that relatives have no personal claim under § 1983 "for the wrongful death of a family member"). Moreover, an examination of the relief sought in plaintiff's Count II in this case clearly indicates that it is based upon the loss suffered by the decedent's relatives due to Mr. Natriello's death. A relative may bring a claim under § 1983 *on decedent's behalf,* for decedent's pain and suffering, but a relative may not bring a personal claim under § 1983 for the death of a relative. *See id.* It matters not whether the claim is characterized as one for wrongful death or loss of consortium. Unfortunately for the plaintiff, not every important interest is entitled to constitutional protection. *Id.* at 10.

In light of the established precedent in this circuit, Ms. Natriello was not entitled to pursue a federal civil rights claim under § 1983 for wrongful death damages based upon her son's suicide. Even if the jury intended the wrongful death award to compensate the Estate based upon the federal claim, that award may be aligned with the state claim because a finding of negligence is necessarily subsumed in a finding of deliberate indifference. The jury's wrongful death award in the amount of $450,000 must be aligned with the plaintiff's state law negligence claim and therefore that award will be reduced to $100,000 in accordance with the damages limitation contained in the Massachusetts Tort Claims Act, M.G.L. c. 258, § 2. Defendants' motion to amend the judgment is therefore ALLOWED.

### B. *Motion for Judgment Notwithstanding the Verdict*

Defendants' motion for judgment notwithstanding the verdict is treated as a motion for judgment as a matter of law under Fed. R.Civ.P. 50(a). Defendants allege that the plaintiff failed to introduce evidence: 1) that defendant Flynn was deliberately indifferent, 2) that defendants Reich and Riley were wanton, malicious or oppressive, or 3) that any of the defendants were negligent. This Court finds that there was sufficient evidence for a reasonable jury to have found for the plaintiff on all three of those claims. Defendants' motion for judgment notwithstanding the verdict, or, alternatively, for a new trial, is therefore DENIED.

## ORDER

For the foregoing reasons, it is hereby ORDERED:

1. defendants' motion to amend the judgment by reducing the award of damages for wrongful death from $450,000 to $100,000 is ALLOWED;

2. defendants' motion for judgment notwithstanding the verdict, or, alternatively, for a new trial, is DENIED;

3. the judgment, in all other respects, remains as entered.