Ivan R. CRUZ SERRANO,
et al., Plaintiffs,

v.

Hon. Angel M SANCHEZ–
BERMUDEZ, et al.,
Defendants.

No. 01–1281 DRD.

United States District Court,
D. Puerto Rico.

Nov. 26, 2001.

Francisco R. Gonzalez-Colon, F.R. Gonzalez Law Office, San Juan, PR, for plaintiffs.

Johanna M. Emmanuelli-Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Jose A. Santiago-Rivera, Dept. of Justice of P.R., Federal Litigation Div., San Juan, PR, for defendants.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the Court is Defendants' Motion to Dismiss, based on Fed.R.Civ.P. 12(b)(6).

(Docket No. 11). Defendants claim that the Plaintiff, Ivan Cruz Serrano, ("Mr. Cruz–Serrano") has no standing to sue because he is a third unrelated person lacking a cognizable federal cause of action and, thus, is barred from seeking redress. *Id.* Plaintiffs have opposed the Motion. (Docket No. 18). The Court finds that Plaintiff, Ivan R. Cruz Serrano, is a third person unrelated party who has suffered no personal violation of his constitutional rights and, thus, has no standing to sue under 42 U.S.C. § 1983. Accordingly, Defendants' Motion to Dismiss is hereby **GRANTED.**

### I

### BACKGROUND

Pursuant to Fed.R.Civ.P. 12(b)(6), all of the facts alleged in this case, as they appear in the complaint, are accepted as true. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). Three Plaintiffs seek redress in the Complaint; Ivan R. Cruz Serrano, Zuleima Leon and her daughter, Zuleide Cotto Leon. Defendants' Motion to Dismiss is specifically directed at Plaintiff Ivan R. Cruz Serrano.[1] Defendants claim that, as a matter of law, Cruz–Serrano has not stated a claim upon which the Court can grant relief. (Docket No. 11).

Cruz–Serrano is President of the Youth Organization of the New Progressive Party (PNP) in the municipality of Santa Isabel. In the recent 2000 election, he challenged successfully in local courts the inclusion of opposition party voters ("PDP Members") on the electoral lists. His judicial actions resulted in the exclusion of around one hundred and fifty (150) PDP members from the lists. Furthermore

---

1. Cruz–Serrano is Ms. Zuleima Leon's fiancee.

some of the voters excluded were influential PDP members or had influential relatives in Santa Isabel. Cruz–Serrano became known as "Paparazzi," coined by political opponents, because of his effectiveness in eliminating from voter eligibility PDP members. When he finally lost a case, the President of the Municipal Assembly, Manuel Franco (a PDP majority leader), stated over the radio: "Paparazzi, prepare yourself for things to come."

Three days after the radio broadcast, Ms. Leon and her daughter were visited by Zenayda Santiago, the Housing Inspector of the Municipality of Santa Isabel. Zuleima Leon and her daughter reside in subsidized housing administered under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437 ("Section 8"). The day of the inspection, Ms. Leon had authorized her fiancee, Mr. Cruz Serrano, to park his vehicle in front of her house. Following the inspection, Ms. Leon received a letter notifying her of the cancellation of her housing subsidy. The cancellation letter stated that a car parked in front of their subsidized house having a "for sale" sign, was an unauthorized use of the subsidized property. The letter also quoted the contract to the effect that a beneficiary shall "not use the house for ... means of publicity to advertise business." Plaintiffs further allege that when Zuleima Leon visited the Municipal Housing Office, Co–Defendants Graciela Torres Vazquez and Zoraida Santiago advised her that she should "look for somebody who could help her, not someone who would only hurt her" (making reasonable inferences from the allegations, referring obviously to her fiancee Ivan Cruz–Serrano). (Docket No. 1). Plaintiffs also allege that no explanation for the sudden cancellation of the housing subsidy nor evidence of wrongdoing was ever provided to Ms. Leon. Nevertheless, Ms. Leon's housing subsidy was terminated.

Plaintiffs sued the municipality's mayor and others claiming that the cancellation of the housing subsidy constituted an act of political persecution. Plaintiffs contend their First Amendment rights to free speech and association have been violated. In addition, Plaintiffs allege that the investigation by the Municipal Housing Office was a sham that violated their Fifth and Fourteenth Amendment due process and equal protection rights. In particular, Plaintiff, Ivan R. Cruz–Serrano, alleges that his political views and affairs resulted in retaliatory actions against his fiancee and her daughter, in clear violation of their constitutionally protected rights. Defendants, however, claim that Cruz–Serrano is a third unrelated person and, therefore, that he has no standing to sue.

## II

### MOTION TO DISMISS STANDARD FED.R.CIV.P. 12(b)(6)

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in Plaintiffs' favor. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in Plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must limit the inquiry to the allegations of the complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). Specifically, the focus should be "whether a liberal reading of [the complaint] can reasonably admit of a claim...." *Id.; see also Doyle,* 103 F.3d at 190.

Recently, in *Rogan v. Menino,* 175 F.3d 75 (1st Cir.1999) the Court held that a dismissal for failure to state a claim can only be upheld if, after giving credence to all well-pleaded facts and making all reasonable inferences in the plaintiff's favor, the factual averments do not justify recovery on some theory asserted in the complaint. *Id.,* at 77. With this standard in mind, all of the well-pleaded facts in this case, as they appear in the complaint, are accepted as true. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989); *Gooley,* 851 F.2d at 514.

### III

#### 42 U.S.C. § 1983 CLAIM

Section 1983 authorizes actions for equitable relief and/or damages against "every person who under color of any ... custom or usage, of any State or Territory ... subjects or causes to be subjected any citizen of the United States or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, in order to state a claim cognizable under Section 1983, Plaintiff must allege "that some person has deprived him of a federal right." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ To prevail in an action brought under 42 U.S.C. § 1983, Plaintiff must satisfy two prongs. First, he must prove that he was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). Second, he must have been deprived of his right, immunity or privilege, by a person acting under color of state law. *Id.* Moreover, the first prong has two distinct elements to be addressed. First, there must have been a violation of rights secured by the Constitution or laws of the United States, *Voutour,* 761 F.2d at 819; and, Defendants' conduct must have caused the deprivation of Plaintiff's rights. *Id.; see also Soto v. Carrasquillo,* 878 F.Supp. 324, 326–327 (D.P.R.1995). The Court now analyzes Plaintiff's claims.

### IV

#### ANALYSIS

In the instant case, Plaintiff fails the first prong of the test. Plaintiff simply lacks standing to bring a § 1983 claim because **his** constitutional rights have not been violated.

■ In the interest of thoroughness, the second prong will be addressed. The actions that brought about this suit were taken by municipal employees acting in their **official capacity,** which resulted in the revocation of a town resident's federal housing subsidy. Clearly, the actions taken were under the "color of state law".

For purposes of Defendants' Motion to Dismiss and under § 1983, the Court limits its inquiry to Co–Plaintiff Cruz–Serrano's claims.

A) **To prevail in a claim for a constitutional violation of the First Amendment Right to Free Speech and Association, Plaintiff must prove personal injury.**

The First Amendment of the Constitution holds that "Congress shall make no

law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble; and to petition the Government for a redress of grievances." CONST. AMEND. 1.

█ The First Circuit Court of Appeals has stated that an action created under section 1983 is a personal action in the sense that the plaintiff must have suffered the alleged deprivation of constitutional or federal rights in his or her own person. *Judge v. City of Lowell*, 160 F.3d 67, 76 n. 15 (1st Cir.1998); *Soto v. Carrasquillo*, 878 F.Supp. 324, 327 (D.P.R.1995) ("Only the person towards whom the state action was directed, and not those individuals incidentally affected, may bring a section 1983 action for a violation of due process rights."); *Carmona Pacheco v. Betancourt y Lebron*, 820 F.Supp. 45, 46 (D.P.R.1993) ("To maintain an action under section 1983, claimants must allege that their personal constitutional rights have been violated in some manner"); *see also* Cook & Sobieski, *Civil Rights Actions* ¶ 7.07 (Matthew Bender 1999). Therefore, the vindication of third party rights is generally not recognized under 42 U.S.C.A. § 1983. *Quiles ex rel. Proj. Head Start v. Hernandez Colon*, 682 F.Supp. 127, 129 (D.P.R.1988)("One person may not sue, nor recover damages, for the deprivation of another persons's civil rights."). Cruz–Serrano, however, has suffered no such deprivation of constitutional magnitude in his own person.

█ Cruz–Serrano alleges that his First Amendment rights were violated because the actions taken amounted to political discrimination. Even accepting as true—as the Court should under Rule 12(b)(6)—that the municipal employees acted with discriminatory intent against his fiancee and her daughter, Cruz–Serrano still fails

to allege any discriminatory acts against **his own person.** He simply does not point to any instances of violations of **his** constitutional rights. He merely recounts a radio broadcast, three days before his fiancee was investigated, stating he should be wary of "things to come." (Docket No. 1). However, the complaint does not indicate what, if any, direct and personal prejudice resulted from this threat on Cruz Serrano's own person. Notwithstanding, the state action alleged in the complaint was aimed at, and resulted in, damages only to Ms. Leon and her daughter. Cruz–Serrano did not lose his housing subsidy—his fiancee did. Moreover, there is no allegation in the complaint that his speech was curtailed in any manner. Therefore, the Court holds that Cruz–Serrano lacks standing under 42 U.S.C. § 1983 to warrant an assertion of his individual First Amendment rights because he has suffered no personal injury.

### B) Due Process rights and Equal Protection of the Law cannot be claimed by unrelated third parties.

Cruz–Serrano claims that by denying Ms. Leon her due process rights and revoking her housing subsidy, he personally suffered damages. The Fifth Amendment of the Constitution holds that no person shall be "deprived of life, liberty, or property, without due process of law." CONST. AMEND. V. In addition, the Fourteenth Amendment states "no state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." CONST. AMEND. XIV, sec.1.

█ Due process claims may take either of two forms: procedural due process or substantive due process. *Hall v. Tawney*, 621 F.2d 607, 610–13 (4th Cir.1980). Procedural due process requires that the pro-

cedures provided by the state in effecting the deprivation of liberty or property are adequate in light of the affected interest. Substantive due process, however, imposes limits on what a state may do regardless of what procedural protection is provided. *Monroe v. Pape,* 365 U.S. at 171–72, 81 S.Ct. 473; *see also Rochin v. California,* 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183 (1952). In this case, it is the state's conduct that is challenged by Plaintiff as being impermissible, not the adequacy of the procedure. Thus, Plaintiffs' claims will be examined under the rubric of substantive due process.

The Supreme Court has enunciated two alternative tests by which substantive due process is examined. Under the first theory, it is not required that plaintiffs prove a violation of a specific liberty or property interest; however, the state's conduct must be such that it "shocks the conscience." *See Rochin,* 342 U.S. at 172, 72 S.Ct. 205. To succeed under the second theory, a plaintiff must demonstrate a violation of an identified liberty or property interest protected by the due process clause. *Pittsley v. Warish* 927 F.2d 3, 6 (1st Cir.1991); *see also Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923).

■■■ Nonetheless, the Court need not examine either theory because Cruz Serrano has not claimed any property or liberty interest of his has been affected, a pivotal requirement of due process. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Judge,* 160 F.3d at 76 n. 15. Rather, Cruz Serrano maintains that **Ms. Leon and her daughter** were deprived of their rights of due process due to his political affiliations. However, only the person towards whom the state action was directed, and not those individuals incidentally affected, may bring a section 1983 action for a violation

of due process rights. *Manarite v. City of Springfield,* 957 F.2d 953, 960 (1st Cir. 1992); *Pittsley,* 927 F.2d at 8. Conversely, a person may not sue, nor recover damages, for the deprivation of another person's civil rights under section 1983. *Pittsley,* 927 F.2d at 8; *Quiles ex rel. Proj. Head Start v. Hernandez Colon,* 682 F.Supp. 127 (D.P.R.1988). *See Benjamin v. Aroostook Med. Ctr.,* 57 F.3d 101, 105–06 (1st Cir.1995) (patients lack standing to assert third-party rights of physician). *See also Rodriguez v. Comas,* 888 F.2d 899, 903 (1st Cir.1989) (Section 1983 does not create a federal cause of action for the emotional distress of a spouse.). Whereas, Cruz Serrano has suffered no personal infringement of his due process rights, the Court finds that Plaintiff cannot sustain a due process claim under the Fifth or Fourteenth Amendment under section 1983. "Only the person towards whom the state action was directed, and not those individuals incidentally affected, may bring a section 1983 action for a violation of due process rights." *Soto v. Carrasquillo,* 878 F.Supp. 324, 326 (D.P.R.1995) (*citing Manarite,* 957 F.2d at 960); *Pittsley,* 927 F.2d at 8; *Hegarty v. Somerset County,* 848 F.Supp. 257, 268 (D.Me.1994); *Natriello v. Flynn,* 837 F.Supp. 17, 19 (D.Mass.1993); *Martinez Correa v. Lopez Feliciano,* 759 F.Supp. 947, 958 (D.P.R.1991).

C) **Only those who are beneficiaries of the subsidy may raise a claim under The Fair Housing Act of 1968.**

■■■ Lastly, Plaintiffs allege that political persecution motivated the revocation of the housing subsidy. Again, the actions taken by Defendants were against Cruz–Serrano's fiancee and her daughter, not him. Ms. Leon and her daughter are the only beneficiaries of the Section 8 housing subsidy. Ms. Leon and her daughter are

the persons that have suffered the loss of the subsidized rent contract. No one else's subsidy was cancelled, therefore, no one else has standing to sue. Cruz–Serrano is a third unrelated person in this particular claim. Accordingly, the Court finds that Cruz–Serrano is unable to raise a cause of action under § 1983 or the Fair Housing Act of 1968.

## V

## CONCLUSION

**WHEREFORE,** Plaintiff, Ivan R. Cruz Serrano, lacks an independent constitutional cause of action. Therefore, he cannot sustain a claim under 42 U.S.C. § 1983. For this reason, Cruz Serrano is **DISMISSED** as a Plaintiff in this case.[2] Any remaining state law claims are **DISMISSED WITHOUT PREJUDICE** because should the federal cause of action be dismissed early in the proceedings, the Court should dismiss without prejudice the state law claims. *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1176 (1st Cir.1995); *see also* 28 U.S.C. § 1367. Plaintiffs Zuleima Leon, on her own behalf and on behalf of her minor child Zuleide Cotto Leon are not affected by this order.

**IT IS SO ORDERED.**

---

**2.** The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule … furthers 'the strong congressional policy against

piecemeal review.' " *Id.* (*quoting In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).